**IT IS ORDERED as set forth below:**

**Date: October 21, 2020**



_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: Peter Ibe Otoh, <br><br>　　Debtor. | CASE NO. 20-61779-BEM <br><br> CHAPTER 7 |
| Peter Ibe Otoh, <br><br>　　Plaintiff, <br><br> v. <br><br> William Barr, in his official capacity as Attorney General of the United States, Claire McCusker Murray, in her official capacity as Principal Deputy Associate Attorney General, Clifford J. White III in his official capacity as Director U.S. Trustee Program,  Nancy J. Gargula, in her official capacity in her official capacity as United States Trustee, and Mary Ida Townson in her official capacity, as Private Trustee, <br><br>　　Defendants. | ADVERSARY PROCEEDING NO. 20-6101-BEM |

**ORDER OF DISMISSAL**

This matter comes before the Court on Defendant Mary Ida Townson ("Defendant Townson")'s Motion to Dismiss (the "Motion to Dismiss") [Doc. 15][1] the above-captioned adversary proceeding. For the reasons below, the claims against Defendant Townson will be DISMISSED.

## I. BACKGROUND

Plaintiff filed for relief under chapter 13 of the Bankruptcy Code on January 31, 2020. [20-61779, Doc. 1]. Plaintiff commenced this adversary proceeding by filing the Complaint on June 20, 2020. [Doc. 1]. Defendant Townson, the Chapter 13 Trustee in Plaintiff's underlying bankruptcy case (the "Main Case", Case No. 20-61779)[2], filed this Motion to Dismiss on July 23, 2020 [Doc. 15].[3] Plaintiff filed an opposition to the Motion to Dismiss on August 6, 2020. [Doc. 23]. The Main Case was dismissed on September 8, 2020. [20-61779, Doc. 97].

## II. MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In

---

[1] Docket numbers refer to this proceeding, Adv. Pro. 20-6101, unless otherwise indicated.

[2] Docket numbers in the Chapter 13 case (the "Main Case") will be referred to as [Main Case Doc. no.]

[3] An answer to the Complaint or a motion to dismiss was due July 22, 2020. [*See* Doc. 22 at 2.] However, a late answer may be treated as a motion to set aside default under Rule 55(c), made applicable to this proceeding by Fed. R. Bankr. P. 7055. *In re Patterson*, No. 05-70658-CRM, 2006 WL 6581526, at *1 (Bankr. N.D. Ga. Dec. 21, 2006). Notably, Plaintiff sought entry of default against several Defendants, but chose not to seek entry of default against Defendant Townson. [Docs. 18-21]. Even if such a default had been entered, the Court finds there is good cause to set aside the default.

2

ruling on a 12(b)(6) motion, the court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Lubin v. Markowitz (In re Markowitz)*, No. 14-68061-BEM, AP No. 16-5221, 2017 WL 1088273, at *3 (Bankr. N.D. Ga. Mar. 22, 2017) (Ellis-Monro, J.) (quoting *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010)). Legal conclusions, however, need not be accepted as true. *Iqbal*, 556 U.S. at 678 ("Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).

In addition to the *Twombly/Iqbal* pleading standards that apply to all complaints, complaints that allege fraud are subject to a heightened pleading standard. Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7009 and Federal Rule of Civil Procedure ("Rule") 9(b) require the plaintiff to "state with particularity the circumstances constituting fraud or mistake." *In re Eden*, 584 B.R. 795, 803 (Bankr. N.D. Ga. 2018) (Diehl, J.) (quoting Fed. R. Civ. P. 9(b) and Fed. R. Bankr. P. 7009).

### III.  ALLEGED FACTS

Plaintiff filed a Chapter 13 petition on January 31, 2020. [Doc. 1 at 8 ¶ 9]. He is the owner of the real property located at 6645 Princeton Park Ct Lithonia GA 30058. [*Id.* at 8 ¶ 10].

The Meeting of Creditors was scheduled for March 12, 2020 at 09:00 AM at meeting room 365 of the United States Bankruptcy Court building. [*Id.* at 8 ¶ 11]. On March 12, 2020, Plaintiff arrived at the United States Bankruptcy Court building and went through the security system checks, which are on camera. [*Id.* at 8 ¶ 12]. After successfully completing the security system check on March 12, 2020, Plaintiff proceeded to the elevator section of the building, also on

3

camera. [*Id.* at 8 ¶ 13]. He then went to meeting room 365. [*Id.*] A few minutes after Plaintiff arrived at meeting room 365 on March 12, 2020, Defendant Townson took a roll call of debtors and creditors that were present for their cases. [*Id.* at 8 ¶ 14]. When Defendant Townson called Plaintiff's name during the roll call, he indicated that he was present. [*Id.* at 8 ¶ 15]. Defendant Townson rescheduled the meeting of creditors to March 27, 2020 in an abundance of caution when she noticed during the roll call that Plaintiff was showing symptoms of COVID-19. [*Id.* at 8 ¶ 16]. Plaintiff was coughing but insisted that it was just a regular flu. [*Id.*] Before dismissing Plaintiff from the meeting room, someone associated with Defendant Townson provided Plaintiff with a booklet titled "What You Should Know about Your Chapter 13 Case". [Doc. 1 at 8 ¶ 17]. He noted the rescheduled date and time on the booklet. [*Id.*]

On March 12, 2020 a docket entry was entered in the Main Case stating: "Section 341(a) meeting reset on account of debtor's failure to appear 341 Meeting to be held on 3/27/2020 at 11:00 AM in Meeting Room 368, Atlanta. (rf) (Entered: 03/16/2020)" (the "Docket Entry"). [Doc. 1 at 8 ¶ 18]. On May 26, 2020, Defendant Townson filed an Objection to Confirmation in which she requested that the Court dismiss the Main Case. [20-61779, Doc. 38; Doc. 1 at 8 ¶ 21].

Plaintiff asserts:

"On [] May 15, 2020 this Court denied my Motion for Continuance of the Meeting of Creditors. [Doc 37]. This Court used the [Docket Entry] as basis for denying my Motion for Continuance of the Meeting of Creditors. . . ." [Doc. 1 at 8 ¶ 19 (citing 20-61779, Doc 37)]. "[O]n [] June 9, 2020 this Court used the [Docket Entry] as basis for the Order Denying Debtor's Objections and Motions for Reconsideration. . . ." [Doc. 1 at 8 ¶ 20 citing 20-61779, Doc. 53)].

4

## IV.  MAIN CASE PROCEDURAL HISTORY

The procedural history of the Main Case is relevant to this proceeding and the Court takes judicial notice of these additional items[4]: Plaintiff sought a continuance of the 341 Meeting of Creditors scheduled for March 27, 2020,[5] [Main Case Doc. 22], which was granted by order entered March 28, 2020 [Main Case Doc. 24] and the 341 meeting was rescheduled for May 19, 2020 (the "May 19 Meeting") [Main Case Doc. 28]. On March 12, 2020, Plaintiff filed a *Motion for Continuance of the Meeting of Creditors* seeking to continue the May 19 Meeting "until after the resolution of my three cases against Nationstar Mortgage LLC d/b/a Mr. Cooper". [Main Case Doc. 32]. On May 12, 2020, Plaintiff also filed a *Motion for Continuance of the Confirmation Hearing* which was at that time scheduled for June 17, 2020 [Main Case Docs. 33, 28]. The Court entered its *Order Denying Motion for Continuance* (the "May 15 Order") on May 15, 2020 which declined to continue the May 19 Meeting. [Main Case Doc. 37; Doc. 1 ¶ 19]. The May 15 Order states in relevant part:

> The meeting of creditors in this case was originally scheduled for March 12, 2020, but was rescheduled to March 27, 2020 because of Debtor's failure to appear at the first scheduled meeting. [Doc. Entry March 12, 2020]. Thereafter, Debtor filed a motion to continue the rescheduled meeting of creditors on March 16, 2020 [Doc. 22] which was granted by order entered March 18, 2020 [Doc. 24].
>
> The 341 meeting in this case has been continued on two occasions. Holding the meeting of creditors is required by the Bankruptcy Code and the case cannot proceed until the 341 meeting has been held and concluded. Although the Court may agree in the future to continue the hearing on confirmation and on the objection to claim Debtor filed with respect to the proof of claim filed by Nationstar Mortgage, LLC d/b/a Mr. Cooper [Doc. 31], the request to await ruling by the

---

[4] On a motion to dismiss, the Court may properly take judicial notice of court papers filed in related litigation and in an underlying bankruptcy case in related adversary proceedings. *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989).

[5] In the motion, Debtor stated that he was present at the March 12, 2020 meeting of creditors but that it had been rescheduled due to his illness. [Main Case Doc. 22]. That motion was received for filing on March 16, 2020 at 12:24 pm. The Notice of Electronic Filing for the Docket Entry indicates that it was entered later that same day, on March 16, 2020 at 2:50 pm and filed on March 12, 2020.

5

> Eleventh Circuit to hold the 341 because of a dispute with one creditor is prejudicial to all creditors and interested parties in this case and will be denied.

[Main Case Doc. 37; Doc. 1, Ex. 4]. Plaintiff sought reconsideration of this order. [Main Case Doc. 41]. The Court scheduled docket 41 for hearing and scheduled Plaintiff's *Motion to Continue Confirmation* for hearing at the same time. [Main Case Docs. 40, 42]. Plaintiff filed a *Motion to Schedule Hearing* on his objection to claim of Nationstar Mortgage, LLC d/b/a/ Mr. Cooper ("Nationstar") "after the resolution of my three cases against Nationstar pending in the District Court and the Eleventh Circuit." [Main Case Doc. 44]. The Court scheduled a hearing on docket 44 and the underlying objection to claim at the same time as the two motions to continue. [Main Case Doc. 46]. Plaintiff objected to and sought reconsideration of each of the Orders and Notice of Hearing. [Main Case Docs. 50, 51]. The Court denied the motions for reconsideration (the "June 9 Order"). [Main Case Doc. 53].

The Court noted the Docket Entry in the June 9 Order when recounting the procedural history of the Main Case and noted the recitation contained in the May 15 Order that the 341 meeting had been continued on two occasions. The June 9 Order further noted that the Chapter 13 Trustee stated in her objection to confirmation that the May 19 Meeting had not proceeded because,

> though the Debtor appeared for the May 19, 2020 meeting of creditors, he declined to proceed with the meeting. Furthermore, the Trustee would have been unable to conduct the meeting as the Debtor had not provided a copy of his photographic ID or any acceptable document to verify his social security number.

[Main Case Doc. 53, n. 2; Doc. 1, Ex. 5]. The June 9 Order states further in pertinent part:

> Given the number of delays that have already occurred in this case, including the 341 meeting being continued on two occasions and failing to be concluded on the third, the Court finds it necessary to hear the parties to assess how best to move forward. . . . The Orders do not contain any findings or conclusions. They merely placed Debtor's several filings, which contained unrelated requests for relief, on the calendar. . . . Not infrequently, courts, including this one, set matters for hearing which are not in a position to be determined on the merits at all. . . . The Orders merely set a hearing date on which the Motions will be heard, without ruling on the

6

> merits of any of them. For that reason, Debtor's argument regarding the prejudicial effect of each Order and Notice is without merit.

[Main Case Doc. 53]. On June 16, 2020, Plaintiff appealed the June 9 Order. [Doc. 56]. The June 17, 2020, hearing was continued to July 8, 2020. [Main Case Doc. 62].

On June 23, 2020, the Court entered its *Order and Notice for Debtor To Show Cause Why This Case Should Not Be Dismissed For Cause* (the "Show Cause Order"). [Main Case Doc. 63]. The Show Cause Order recited the procedural history of Plaintiff's prior chapter 7 case, the adversary proceeding pending against Nationstar and the related appeals in that proceeding as well as the similar adversary proceeding and objection to claim filed against Nationstar related to the Main Case. The Show Cause Order also states "[t]he meeting of creditors was rescheduled to March 27, 2020." [Show Cause Order at 2]. Footnote 1 states:

> The reason that the meeting was rescheduled is unclear. The docket entry on March 12, 2020 states that the meeting was rescheduled on account of Debtor's failure to appear. The Trustee's *Objection to Confirmation* states that the Debtor appeared on "May 9, 2020" and declined to proceed but that the Trustee could not conduct the meeting because Debtor failed to provide a copy of his photo ID or any acceptable document to verify his social security number, but does not say anything about the March 12, 2020 meeting. [Doc. 48]. In a *Motion for Continuance of the March 27, 2020 Meeting of Creditors*, Debtor states that he appeared at the March 12, 2020 meeting, but the Trustee rescheduled it because Debtor was exhibiting flu-like symptoms. [Doc. 22].

The Show Cause Order states further:

> This case has been pending for just shy of 6 months and a section 341 meeting of creditors has not been held. Nor, does it appear that debtor is making payments under his proposed chapter 13 Plan. [Doc. 48]. Debtor has filed 4 motions for continuance and when those have been denied or scheduled for hearing Debtor has sought reconsideration of the orders and most recently appealed [the June 9 Order]. Based upon the foregoing history of the [Main Case], in which Debtor seeks to prevent the case from moving forward until appeals in the Chapter 7 AP are adjudicated and possibly until the Chapter 7 AP is fully adjudicated, it appears that in addition to potential grounds under § 1307 that Debtor may have filed the [Main Case] for an improper purpose. *See In re Brown*, No. 17-10021, 2017 Bankr. LEXIS 2322 at *21 (Bankr. N.D. Fla. April 19, 2017) (stating, "Numerous cases have held

> that 'filing a bankruptcy petition merely to prevent foreclosure without the ability or intent of reorganizing is an abuse of the Bankruptcy Code.'") (citations omitted).

[Show Cause Order at 4]. The Show Cause Order scheduled a hearing for July 1, 2020, for the Debtor to show cause why the Main Case should not be dismissed, which was then continued to July 8, 2020. [Doc. 63]. On July 10, 2020, the Court entered its *Order and Notice of Continued Show Cause Hearing* (the "Continued Show Cause Order"). [Doc. 69]. The Continued Show Cause Order notes the appearance of Plaintiff at the July 8 hearing and the information provided to Plaintiff by the Court. The Continued Show Cause Order further states in pertinent part at footnote 1:

> The Court notes that at the initially scheduled 341 hearing on March 12, 2020 Debtor appeared and exhibited flu-like systems such that the hearing was continued. The Court further notes that the docket entry dated March 12, 2020 reflects that the meeting was not held because of "debtor's failure to appear". Debtor has filed an adversary proceeding against the Standing Chapter 13 Trustee in relation to this discrepancy. The Court need not address Debtor's dispute regarding the docket entry to assess whether this case is being properly prosecuted.

[Main Case Doc. 69].

The final order entered in Plaintiff's Chapter 13 case was the order dismissing the Main Case ("Dismissal Order"). [Main Case Doc. 97]. The Dismissal Order states, after reciting the Chapter 13 Trustee's report to the Court and her continuing request for dismissal of the case that,

> [I]t had seen the affidavit recently filed by Debtor stating that he is working with a realtor to sell his house and noting that he recently paid $100.00 to the Trustee. However, when considered in conjunction with the many motions to continue, motions to reconsider and appeals, the lack of prosecution coupled with the apparent term and feasibility problems with the Plan, Debtor's working with a realtor did not present a sufficient basis to deny the Trustee's motion to dismiss, which was joined by Nationstar.
>
> . . . Debtor's delay tactics have prejudiced Nationstar, who despite Debtor's allegations that it is not a creditor of the bankruptcy estate, asserts a secured claim and is entitled to the opportunity to establish that claim. . . . [T]he ongoing delay has prejudiced the domestic support creditors, who are not being paid.

8

[Main Case Doc. 97 at 3-5].

### V.     ANALYSIS

Plaintiff claims that Defendant Townson "violated [her] duties under 28 U.S.C. § 586(a)(3) by promoting dishonesty and government overreach . . . by knowingly and willfully l[ying] to the Court" in the Docket Entry. [Doc. 1 at 8]. He further argues that Defendant Townson has failed to adhere to "procedural guidelines adopted by the Executive Office of the United States Trustees". [*Id.*] Finally, he argues that Defendant Townson "violated [Plaintiff's] Fifth Amendment Rights, . . . Fourteenth Amendment Rights and . . . Ninth Amendment Rights when Defendant[] fundamentally denied [him] a fair, orderly and just judicial proceeding in [the Main Case] by knowingly and willfully lying to the Court in the [Docket Entry]." [*Id.*] Plaintiff also raises claims based on Defendant Townson's alleged concealment of the misrepresentation to the Court in filing the Docket Entry. The relief requested in the Complaint against Defendant Townson includes: (1) "That this Court, permanently remove . . . [Defendant Townson] from [the Main Case] and set [*sic*] all actions performed by [Defendant Townson] in [the Main Case] to [*sic*] null and void. . . ." and (2) "That this Court award Plaintiff monetary damages in the amount of $5,000,000.00." In addition, in his response to the Motion to Dismiss, Plaintiff also requests that the Court refer Defendant Townson for criminal prosecution for perjury and issue a permanent injunction to remedy Defendant Townson's alleged dishonesty and to benefit creditors of the bankruptcy estate. [Doc. 23]. These last two requests were not included in the Complaint.

Plaintiff argues that that Defendant Townson engineered the Docket Entry as part of an "elaborate scheme[] to have this Court dismiss [the Main Case]". [Doc. 23 at 6].

9

### 1. Claim of Intentional Misrepresentation or Fraud

Addressing first, Plaintiff's allegation of misrepresentation, Rule 9(b) requires the plaintiff to plead with particularity a claim of misrepresentation. This requires pleading the "who, what, when, where, and how." *Hubbard v. BankAtlantic Bancorp, Inc.*, 625 F. Supp. 2d 1267, 1282 (S.D. Fla. 2008) (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) and Fed. R. Civ. P. 9(b)). The elements of fraud at federal common law are: "(1) a false representation (2) in reference to a material fact (3) made with knowledge of its falsity (4) and with the intent to deceive (5) with action taken in reliance upon the representation." *Pence v. United States*, 316 U.S. 332, 338, 62 S. Ct. 1080, 1083 (1942) (cited with approval in *United States v. Meadows*, 598 F.2d 984, 987 (5th Cir. 1979)[6]).

Plaintiff has failed to meet the Federal Rule 9(b) standard for pleading misrepresentation by Defendant Townson. Even assuming he has shown that the Docket Entry was false when written, he has failed to allege that Defendant Townson was responsible for it and indeed the Complaint alleges Defendants filed the record without identifying any individual. Plaintiff has failed to allege that Defendant Townson knew that the Docket Entry was false when entered (or even whether she knew that it had been entered at all). Finally, he has failed to sufficiently allege the materiality of the statement, intent to deceive, or any action taken in reliance on the Docket Entry.

In an attempt to satisfy the requisite allegations of materiality and reliance, Plaintiff alleges his belief that this Court relied on the Docket Entry in certain orders entered in the Main Case. He alleges his belief that the Court denied his motion for a continuance of the meeting of creditors in

---

[6] Decisions of the Fifth Circuit prior to October 1, 1981, are binding on this Court. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981).

the May 15 Order in reliance on the Docket Entry. [Doc. 1 at 8 ¶ 19]. He also alleges his belief that the Court refused to reconsider its denial of his objection to the Court's hearing notice in the June 9 Order in reliance on the Docket Entry. [Doc. 1 at 8 ¶ 20]. He argues in his reply brief that "this Court ha[s] a complete and total reliance on [Defendant Townson's] honesty and integrity in the administration of Plaintiff's main chapter 13 bankruptcy case. This Court therefore considers every statement from the Trustee to be true." [Doc. 23 at 5-6]. He also asserts that his estate will be harmed by dismissal of the Main Case because his property will be foreclosed upon and auctioned, preventing his creditors from receiving periodic payments in or receiving the benefit of a sale conducted through a Chapter 13 Plan. [*Id.* at 7]. Generously construed, Plaintiff argues that the Court relied on Defendant Townson's allegedly false statements to the Court including the Docket Entry, in its refusal to continue the meeting of creditors in the May 15 Order and that this ultimately resulted in the dismissal of the Main Case.

Plaintiff's characterization of the Court's orders is not accurate. The record in the Main Case, as shown by the orders incorporated into the Complaint and the additional orders subject to judicial notice, demonstrates that the Court did not rely on the Docket Entry in making decisions adverse to Plaintiff in the Main Case. In the May 15 Order, the Court expressly states that its decision was motivated by the "prejudice[e] to all creditors and interested parties in this case" if it were to grant "the request to await ruling by the Eleventh Circuit to hold the 341 because of a dispute with one creditor" and therefore the request had to be denied. [Main Case Doc. 37]. Similarly, in the June 9 Order, although the Court noted the Docket Entry in the procedural history of the Main Case, the Docket Entry's stated reason for continuing the initially scheduled 341 meeting did not constitute a basis for the Court's reasoning or conclusion. Rather, the accumulation

11

of delays in the case contributed to the Court's decision that it needed to hear from the parties "to assess how best to move forward." [Main Case Doc. 53].

Likewise, in the order dismissing the Main Case on September 8, 2020, the Court reiterated arguments made by counsel for Defendant Townson in support of her request to dismiss the case:

> Ms. Gordon advised the Court that the case has not been funded and in the life of the case, only one payment of $100 was made just a few days before the September 2, 2020, hearing. Ms. Gordon stated that even if Nationstar's claim were disallowed, the Plan had an obvious term problem in that it would not pay out the domestic support obligations in sixty months. She stated that this was the fourth or fifth confirmation hearing and noted that there had been no § 341 meeting, reiterating her request for dismissal of the case under several subsections of the Code, including § 1307(a)(11).

[Main Case Doc. 97]. The Court held that "when considered in conjunction with the many motions to continue, motions to reconsider and appeals, the lack of prosecution coupled with the apparent term and feasibility problems with the Plan, Debtor's working with a realtor did not present a sufficient basis to deny the Trustee's motion to dismiss, which was joined by Nationstar [Mortgage, LLC]" and that "Debtor's delay tactics have prejudiced Nationstar, who, despite Debtor's allegations that it is not a creditor of the bankruptcy estate, asserts a secured claim and is entitled to the opportunity to establish that claim. The Court also held that the ongoing delay has prejudiced the domestic support creditors, who are not being paid." [*Id.*] The Main Case was dismissed, therefore, for many defects including the lack of 341 meeting unrelated to the reason for the continuance of the initially scheduled meeting.

Indeed, as noted in the Continued Show Cause Order, the discrepancy between the Docket Entry and Plaintiff's allegations in a Motion to Continue was not relevant to the Court's determination of grounds for dismissal. This is true because any one of the remaining defects—a term problem, insufficient funding, and bad faith filing—would have itself been sufficient to dismiss the case even if the 341 meeting had been held. As a result, Plaintiff's allegations are

12

insufficient to allege materiality because Plaintiff's allegations are inconsistent with the record in the Main Case.

### 2. 28 U.S.C. § 586

Turning to Plaintiff's claims under 28 U.S.C. § 586(a)(3)(C)-*Duties; supervision by Attorney General*, that statute specifically provides that the "United States trustee … shall—…supervise the administration of cases and trustees in cases under chapter … 13 … of title 11 by, whenever the United States trustee considers it to be appropriate-- … monitoring plans filed under chapters …13 of title 11 and filing with the court, in connection with hearings under sections … 1324, and 1329 of such title, comments with respect to such plans[.]" Notably, § 586 does not address duties of a Standing Chapter 13 Trustee. Rather, 11 U.S.C. § 1302(b) outlines the duties and responsibilities undertaken by a chapter 13 trustee in complying with 28 U.S.C § 586(a)(3)(C).

There is no private right of action created by § 586(a)(3)(C), however, the Bankruptcy Code provides that the Standing Chapter 13 Trustee has the capacity to sue and be sued and also provides that the Court may remove a trustee for cause. 11 U.S.C. §§ 323-24.

Removal of a chapter 13 trustee is committed to the sound discretion of the bankruptcy court, is to be determined on a case by case basis and in consideration of the totality of the circumstances. *In re AFI Holding, Inc.*, 530 F.3d 832 (9th Cir. 2008); *In re Dye*, No. 06-71024, 2008 WL 2773549, at *1 (Bankr. N.D. Ga. May 6, 2008) (Murphy, J.); *In re Morgan*, 375 B.R. 838, 847 (B.A.P. 8th Cir. 2007), *aff'd*, 573 F.3d 615 (8th Cir. 2009). Permanent removal of a Chapter 13 Trustee is an "extreme remedy," that generally requires a showing of actual harm to the estate. *Morgan*, 375 B.R. at 847 (noting that some courts are split on whether actual impropriety is necessary or whether the appearance of impropriety will suffice) (citations omitted); *Dye*, 2008 WL 2773549 at *1. "Causes for removal include situations in which the trustee is found to be

13

incompetent or unwilling to perform the duties of a trustee; the trustee is not disinterested or holds an interest adverse to the estate; the trustee violates the fiduciary duty to the estate; and where the trustee is guilty of misconduct in office or personal misconduct." *Morgan*, 375 B.R. at 848 (citing *In re Waller*, 331 B.R. 489, 493 (Bankr. M.D. Ga. 2005)). *See e.g., AFI Holding, Inc.*, 530 F.3d at 832. Removal may also be appropriate when "the estate will suffer more from the discord created by retaining the present trustee than would be suffered from a change in administration." *In re Acadiana Elec. Serv., Inc.*, 66 B.R. 164, 165 (Bankr. W.D. La. 1986) (citations omitted). Therefore, the best interest of the estate is a consideration when deciding whether to remove a trustee. *See Morgan*, 375 B.R. at 848 (quoting *U.S. Trustee v. Repp (In re Sheehan),* 185 B.R. 819 (Bankr. D. Ariz. 1995)). Finally, reasonable mistakes in discretionary judgment do not warrant removal. *Dye*, 2008 WL 2773549, at *1; *Morgan*, 375 B.R. at 848.

The Eleventh Circuit addressed removal of a chapter 7 trustee *sua sponte* by the bankruptcy court when the bankruptcy court concluded, after a several day evidentiary hearing, that the chapter 7 trustee had lied under oath both in a verified statement submitted to the court and in oral testimony to the court. *Walker*, 515 F.3d 1204. In *Walker*, the Circuit Court affirmed the bankruptcy court's *sua sponte* removal of the trustee, concluding that "contradictory and false" testimony under oath by the trustee was sufficient cause to remove the trustee. *Id.* at 1212.

*In re Walker* is distinguishable from the facts alleged in this proceeding. Plaintiff alleges wrongful conduct of "fil[ing] a record with the Court" stating that Plaintiff failed to appear at the March 12, 2020 meeting of creditors and subsequently concealing that the Docket Entry contained incorrect information. [Doc. 1 at 8, 10]. Plaintiff has not alleged that the information was provided by Defendant Townson under oath, nor has he alleged any facts from which it is reasonable to infer that she intentionally provided incorrect information to the Court. Indeed, the record in the

14

Main Case shows that Defendant Townson did not reference the Docket Entry in her pleadings in the Main Case and when it was addressed at the July 8, 2020 hearing, the staff attorney for Defendant Townson acknowledged that the entry was incorrect. Thus, the facts present here lead to the opposite inference that the Docket Entry was a mistake rather than the product of malice.

In the Main Case and pursuant to 11 U.S.C. § 1302(a), Defendant Townson was duly appointed as the Chapter 13 Trustee and was required to discharge certain duties and responsibilities to administer the bankruptcy estate. *See* 11 U.S.C. § 1302(b). Two such duties are to "within a reasonable time after the order of relief … convene and preside at a meeting of creditors," 11 U.S.C. § 341(a), and to appear and be heard at a confirmation hearing and to object if the plan fails to meet the requirements of 11 U.S.C. § 1325. 11 U.S.C. § 1302(b)(2)(B). Defendant Townson's filing and prosecution of objections to confirmation of the plan and her attempts to reschedule the 341 meeting fall squarely within her duties to the Court. Moreover, the Court notes that the continuation of the initial 341 meeting is not raised in Defendant Townson's *Objection to Confirmation*, rather the Plaintiff's failure to proceed at the May 19 Meeting was noted. [Doc. 1, Ex. 6]. Further, Defendant Townson raised four other objections any one of which, if sustained, was sufficient to warrant dismissal under 11 U.S.C. § 1307.

As the Court has previously found, the allegations in the Complaint do not meet the standard established in Rule 9(b). Nor do the allegations contain any facts that would allow the Court to draw reasonable inferences that Defendant Townson's actions in the Main Case violated her duties under 28 U.S.C. § 586. Furthermore, removal of Defendant Townson from the Main Case and reopening the case would provide no meaningful relief to the bankruptcy estate. Rather, it would merely generate more costs and delay for the estate's creditors in seeking to exercise their non-bankruptcy rights and remedies.

15

### 3. The Constitutional Claims

As with all matters before this Court, the Court must first consider whether it has jurisdiction to consider a claim. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006). Plaintiff has not alleged facts to establish a case or controversy, that is, Article III standing such that this Court is without jurisdiction to consider Plaintiff's constitutional claims.

To sufficiently allege standing at the motion to dismiss stage Plaintiff must allege sufficient facts to show three elements:

> First, the plaintiff must have suffered an 'injury in fact'…which is (a) concrete and particularized…and (b) 'actual or imminent, not 'conjectural' or 'hypothetical,''…Second, there must be a causal connection between the injury and the conduct complained of…Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff "bears the burden of establishing these elements." *Id.* Plaintiff has failed to meet even the first element—the injury. The Constitutional claims alleged arise out of the 5th, 14th and 9th Amendments. With respect to the 14th Amendment, it applies to State (as opposed to federal) activity. The application of the Bankruptcy Code is strictly a federal matter, and no State activity is implicated, such that the 14th Amendment due process clause does not apply.

The 9th Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." "The Eleventh Circuit has not addressed this issue, but in *Strandberg v. City of Helena*, the Ninth Circuit held that the 9th Amendment 'has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim.'" *Bey v. City of Tampa Code Enforcement*, 2014 U.S. Dist. LEXIS 134141, *1028 n.6 (N.D. Fla. 2014) (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986)), *remanded on other grounds,* 607 Fed. Appx. 892, 897 (11th Cir. 2015).

16

Plaintiff has failed to allege what right, exactly, arises from the 9th Amendment and was violated by Defendant Townsend.

Only the 5th Amendment, which guarantees due process, remains. The injury alleged is "deni[al of] a fair, orderly and just judicial proceeding" in the Main Case by the Docket Entry. Plaintiff argues that the Court denied his motion for a continuance of the meeting of creditors in the May 15 Order in reliance on the Docket Entry. [Doc. 1 at 8 ¶ 19]. He also argues that the Court refused to reconsider its denial of his objection to the Court's hearing notice in the June 9 Order in reliance on the Docket Entry. [Doc. 1 at 8 ¶ 20].

Any argument that the Docket Entry error violates Plaintiff's due process or other constitutional rights has no basis in fact as the Complaint fails to set out the act or actions taken and conduct by the Defendant Townson designed to prevent the Plaintiff a chance to be heard during any phase of the Main Case. For example, she did not mention the initially scheduled 341 meeting in her Objection to Confirmation. [Doc. 1, Ex. 6]. Rather, she set forth five grounds for denial of confirmation including a failure to make plan payments[7], issues with tax returns, and issues with Plaintiff's claimed exemptions. Frankly, the public docket in the Main Case belies such an argument as the record makes clear that Plaintiff was given multiple opportunities to prosecute the Main Case and did not avail himself of those opportunities. *Supra,* p. 11-13.

In conclusion, there has been no injury in fact alleged to establish standing and Plaintiff has failed to allege sufficient facts to allow a reasonable inference that he was the subject of an injury in fact. As a result, this Court is without jurisdiction to consider Plaintiff's Constitutional claims.

---

[7] Plaintiff argued that he was not delinquent in plan payments. [Doc. 79, p. 3 ]. The proposed plan payment is illegible so it was unclear whether the proposed payment was $10 per month or $100 per month. [Main Case Doc. 20]. Plaintiff made 1 $100 payment to the Trustee, on or about August 14, 2020, so at any point prior thereto Plaintiff was delinquent in plan payments regardless of the monthly amount proposed. [Main Case Doc.79, p. 59].

17

The two claims Plaintiff attempts to add in docket 23—criminal referral and injunction—were not raised in the Complaint, nor has Plaintiff sought to amend the Complaint to add them. Any such amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (court does not have to grant leave to amend when doing so would be futile). As for Plaintiff's request for the Court to refer Defendant Townson for criminal prosecution, this request will be denied. This Court does not have jurisdiction over criminal matters. *See* 18 U.S.C. § 3231 ("the district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."). Instead, any bankruptcy judge who has "reasonable grounds" to believe that a bankruptcy crime has been committed shall report the putative crime to a United States attorney for investigation. 18 U.S.C. § 3057(a). The Court finds Defendant Townson's performance of duties imposed on her by the Bankruptcy Code does not give the Court "reasonable grounds" to believe that a bankruptcy crime has been committed.

Plaintiff's request for a permanent injunction is not appropriate in this proceeding. To the best of this Court's understanding of docket 23, Plaintiff seeks to enjoin Nationstar Mortgage, LLC ("Nationstar") from foreclosing on his residence. Nationstar is not a party to this proceeding, and the Court has denied several prior requests for such a stay in other related proceedings in which Nationstar was a party. *See, e.g.,* Adv. Pro. 19-5310, Doc. 94 at 8-9 ("This Court has repeatedly instructed Plaintiff that the standard of injury for a preliminary injunction, permanent injunction, or stay pending appeal (all of which he has sought in this proceeding) is not whether he individually would be harmed by foreclosure of his residence but . . . whether the bankruptcy estate or creditors would be harmed. . . . Further, an injunction that prohibits a lien holder's ability to foreclose would run afoul of the discharge injunction of § 524 and thus is not a remedy available to Plaintiff.")

In conclusion, Plaintiff has not satisfied the standards for pleading fraud required by Rule 9(b) with respect to his claims of intentional misrepresentation. Plaintiff has not alleged, and the record does not support an inference, that Defendant Townson failed to discharge her duties as Standing Chapter 13 Trustee. Finally, the Court lacks jurisdiction to consider the merits of Plaintiff's Constitutional claims. Accordingly, it is now hereby

ORDERED that the Motion to Dismiss is GRANTED and the Complaint as to Mary Ida Townson, in her capacity as Standing Chapter 13 Trustee is hereby DISMISSED.

**END OF ORDER**

**Distribution List**

Peter Otoh
6645 Princeton Park Ct
Lithonia, GA 30058

Andres H. Sandoval
United States Attorney's Office
Suite 600
75 Ted Turner Drive SW
Atlanta, GA 30303

Sonya M. Buckley
Office of Mary Ida Townson
Suite 1600
285 Peachtree Center Ave, NE
Atlanta, GA 30303