

**IT IS ORDERED as set forth below:**

**Date: October 22, 2020**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>Peter Ibe Otoh,<br><br>    Debtor. | CASE NO. 20-61779-BEM<br><br>CHAPTER 7 |
| Peter Ibe Otoh,<br><br>    Plaintiff,<br><br>v.<br><br>William Barr, in his official capacity as Attorney General of the United States, Claire McCusker Murray, in her official capacity as Principal Deputy Associate Attorney General, Clifford J. White III in his official capacity as Director U.S. Trustee Program,  Nancy J. Gargula, in her official capacity in her official capacity as United States Trustee, and Mary Ida Townson in her official capacity, as Private Trustee, | ADVERSARY PROCEEDING NO. 20-6101-BEM |

Defendants.

## ORDER GRANTING MOTION TO DIMISS OF GOVERNMENTAL DEFENDANTS

This matter comes before the Court for consideration of the Motion to Dismiss Adversary Complaint for Permanent Injunctive Relief and Other Relief (the "Motion") filed by Defendants William Barr, in his official capacity as Attorney General of the United States, Nancy J. Gargula, in her official capacity as the United States Trustee, Claire McCusker Murray, in her official capacity as the Principal Deputy Associate Attorney General of the United States, and Clifford J. White III, in his official capacity as the Director of the United States Trustee Program (collectively the "Governmental Defendants"). [Doc. 25][1]. For the reasons below, the claims against the Governmental Defendants will be DISMISSED.

### I. BACKGROUND

Plaintiff filed for relief under chapter 13 of the Bankruptcy Code on January 31, 2020. [20-61779, Doc. 1][2]. Plaintiff commenced this adversary proceeding by filing the Complaint on June 20, 2020. [Doc. 1].

The Governmental Defendants requested an extension of time to respond to the Complaint [Doc. 16], which the Court granted [Doc. 22]. On July 27, 2020, Plaintiff sought entry of default against the Governmental Defendants [Docs. 18-21], which request the Court denied on August 4, 2020. [Doc. 22]. The Governmental Defendants were granted until August 10, 2020, to file their response to the Complaint. [Doc. 22]. The Governmental Defendants filed the Motion on August 10, 2020 [Doc. 25]. On August 24, 2020, Plaintiff filed an opposition to the Motion. [Doc. 27]. On September 8, 2020, the Governmental Defendants filed a reply brief in support of the Motion and in reply to Plaintiff's opposition. [Doc. 28]. The underlying bankruptcy case (the

---

[1] Docket numbers refer to this proceeding, Adv. Pro. 20-6101, unless otherwise indicated.
[2] Docket numbers in the Main Case, case no. 20-61779 will be referred to as [Main Case, Doc. no.].

"Main Case") was dismissed on September 8, 2020. [Main Case, Doc. 97]. The Motion being fully briefed, the Court now considers the relief requested.

## II.     MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In ruling on a 12(b)(6) motion, the court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Lubin v. Markowitz (In re Markowitz)*, No. 14-68061-BEM, AP No. 16-5221, 2017 WL 1088273, at *3 (Bankr. N.D. Ga. Mar. 22, 2017) (Ellis-Monro, J.) (quoting *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010)). Legal conclusions, however, need not be accepted as true. *Iqbal*, 556 U.S. at 678 ("Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). In addition to the *Twombly/Iqbal* pleading standards that apply to all complaints, complaints that allege fraud are subject to a heightened pleading standard. Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7009 and Federal Rule of Civil Procedure ("Federal Rule") 9(b) require the plaintiff to "state with particularity the circumstances constituting fraud or mistake." *In re Eden*, 584 B.R. 795, 803 (Bankr. N.D. Ga. 2018) (Diehl, J.) (quoting Fed. R. Civ. P. 9(b) and Fed. R. Bankr. P. 7009).

3

### III. ALLEGED FACTS

Plaintiff filed a Chapter 13 petition on January 31, 2020. [Doc. 1 at 8 ¶ 9]. He is the owner of the real property located at 6645 Princeton Park Ct Lithonia GA 30058. [*Id.* at 8 ¶ 10].

The Meeting of Creditors was scheduled for March 12, 2020 at 09:00 AM at meeting room 365 of the United States Bankruptcy Court building. [*Id.* at 8 ¶ 11]. On March 12, 2020, Plaintiff arrived at the United States Bankruptcy Court building and went through the security system checks, which are on camera. [*Id.* at 8 ¶ 12]. After successfully completing the security system check on March 12, 2020, Plaintiff proceeded to the elevator section of the building, also on camera. [*Id.* at 8 ¶ 13]. He then went to meeting room 365. [*Id.*] A few minutes after Plaintiff arrived at meeting room 365 on March 12, 2020, Defendant Mary Ida Townson, the Chapter 13 Trustee in the Main Case ("Defendant Townson") took a roll call of debtors and creditors that were present for their cases. [*Id.* at 8 ¶ 14]. When Defendant Townson called Plaintiff's name during the roll call, he indicated that he was present. [*Id.* at 8 ¶ 15]. Defendant Townson rescheduled the meeting of creditors to March 27, 2020 in an abundance of caution when she noticed during the roll call that Plaintiff was showing symptoms of COVID-19. [*Id.* at 8 ¶ 16]. Plaintiff was coughing but insisted that it was just a regular flu. [*Id.*] Before dismissing Plaintiff from the meeting room, someone associated with Defendant Townson provided Plaintiff with a booklet titled "What You Should Know about Your Chapter 13 Case" and he noted the rescheduled date and time on the booklet. [Doc. 1 at 8 ¶ 17]. On May 26, 2020, Defendant Townson filed an Objection to Confirmation in which she requested that the Court dismiss the Main Case. [Main Case, Doc. 38; Doc. 1 at 8 ¶ 21].

Plaintiff also asserts:

4

"On [] May 15, 2020 this Court denied my Motion for Continuance of the Meeting of Creditors. [Doc. 37]. This Court used the [Docket Entry] as a basis for denying my Motion for Continuance of the Meeting of Creditors. . . ." [Doc. 1 at 8 ¶ 19 (citing Main Case Doc. 37)]. "Again on [] June 9, 2020 this Court used the [Docket Entry] as basis for the Order Denying Debtor's Objections and Motions for Reconsideration. . . ." [Doc. 1 at 8 ¶ 20].

## IV. MAIN CASE PROCEDURAL HISTORY

The procedural history of the Main Case is relevant to this proceeding and the Court takes judicial notice of these additional items: Plaintiff sought a continuance of the 341 Meeting of Creditors scheduled for March 27, 2020, [Main Case Doc. 22], which was granted by order entered March 28, 2020 [Main Case Doc. 24] and the 341 meeting was rescheduled for May 19, 2020 (the "May 19 Meeting") [Main Case Doc. 28]. On March 12, 2020, Plaintiff filed a *Motion for Continuance of the Meeting of Creditors* seeking to continue the May 19 Meeting "until after the resolution of my three cases against Nationstar Mortgage LLC d/b/a Mr. Cooper". [Main Case Doc. 32]. On May 12, 2020, Plaintiff also filed a *Motion for Continuance of the Confirmation Hearing* which was at that time scheduled for June 17, 2020 [Main Case Docs. 33, 28]. The Court entered its *Order Denying Motion for Continuance* (the "May 15 Order") on May 15, 2020 which declined to continue the May 19 Meeting. [Main Case Doc. 37; Doc. 1 ¶ 19]. The May 15 Order states in relevant part:

> The meeting of creditors in this case was originally scheduled for March 12, 2020, but was rescheduled to March 27, 2020 because of Debtor's failure to appear at the first scheduled meeting. [Doc. Entry March 12, 2020]. Thereafter, Debtor filed a motion to continue the rescheduled meeting of creditors on March 16, 2020 [Doc. 22] which was granted by order entered March 18, 2020 [Doc. 24].
>
> The 341 meeting in this case has been continued on two occasions. Holding the meeting of creditors is required by the Bankruptcy Code and the case cannot proceed until the 341 meeting has been held and concluded. Although the Court may agree in the future to continue the hearing on confirmation and on the objection

5

> to claim Debtor filed with respect to the proof of claim filed by Nationstar Mortgage, LLC d/b/a Mr. Cooper [Doc. 31], the request to await ruling by the Eleventh Circuit to hold the 341 because of a dispute with one creditor is prejudicial to all creditors and interested parties in this case and will be denied.

[Main Case Doc. 37; Doc. 1, Ex. 4]. Plaintiff sought reconsideration of this order. [Main Case Doc. 41]. The Court scheduled docket 41 for hearing and scheduled Plaintiff's Motion to Continue Confirmation for hearing at the same time. [Main Case Docs. 40, 42]. Plaintiff filed a *Motion to Schedule Hearing* on his objection to claim of Nationstar Mortgage, LLC d/b/a/ Mr. Cooper ("Nationstar") "after the resolution of my three cases against Nationstar pending in the District Court and the Eleventh Circuit." [Main Case Doc. 44]. The Court scheduled a hearing on docket 44 and the underlying objection to claim at the same time as the two motions to continue. [Main Case Doc. 46]. Plaintiff objected to and sought reconsideration of each of the Orders and Notice of Hearing. [Main Case Docs. 50, 51]. The Court denied the motions for reconsideration (the "June 9 Order"). [Main Case Doc. 53].

The Court noted the Docket Entry in the June 9 Order when recounting the procedural history of the Main Case and noted the recitation contained in the May 15 Order that the 341 meeting had been continued on two occasions. The June 9 Order further noted that the Chapter 13 Trustee stated in her objection to confirmation that the May 19 Meeting had not proceeded because,

> though the Debtor appeared for the May 19, 2020 meeting of creditors, he declined to proceed with the meeting. Furthermore, the Trustee would have been unable to conduct the meeting as the Debtor had not provided a copy of his photographic ID or any acceptable document to verify his social security number.

[Main Case Doc. 53, n. 2; Doc. 1, Ex. 5]. The June 9 Order states further in pertinent part:

> Given the number of delays that have already occurred in this case, including the 341 meeting being continued on two occasions and failing to be concluded on the third, the Court finds it necessary to hear the parties to assess how best to move forward. . . . The Orders do not contain any findings or conclusions. They merely placed Debtor's several filings, which contained unrelated requests for relief, on the calendar. . . . Not infrequently, courts, including this one, set matters for hearing

6

> which are not in a position to be determined on the merits at all. . . . The Orders merely set a hearing date on which the Motions will be heard, without ruling on the merits of any of them. For that reason, Debtor's argument regarding the prejudicial effect of each Order and Notice is without merit.

[Main Case Doc. 53]. On June 16, 2020, Plaintiff appealed the June 9 Order. [Doc. 56]. The June 17, 2020, hearing was continued to July 8, 2020. [Main Case Doc. 62].

On June 23, 2020, the Court entered its *Order and Notice for Debtor To Show Cause Why This Case Should Not Be Dismissed For Cause* (the "Show Cause Order"). [Main Case Doc. 63]. The Show Cause Order recited the procedural history of Plaintiff's prior chapter 7 case, the adversary proceeding pending against Nationstar and the related appeals in that proceeding as well as the similar adversary proceeding and objection to claim filed against Nationstar related to the Main Case. The Show Cause Order also states "[t]he meeting of creditors was rescheduled to March 27, 2020." [Show Cause Order at 2]. Footnote 1 states:

> The reason that the meeting was rescheduled is unclear. The docket entry on March 12, 2020 states that the meeting was rescheduled on account of Debtor's failure to appear. The Trustee's Objection to Confirmation states that the Debtor appeared on "May 19, 2020" and declined to proceed but that the Trustee could not conduct the meeting because Debtor failed to provide a copy of his photo ID or any acceptable document to verify his social security number, but does not say anything about the March 12, 2020 meeting. [Doc. 48]. In a Motion for Continuance of the March 27, 2020 Meeting of Creditors, Debtor states that he appeared at the March 12, 2020 meeting, but the Trustee rescheduled it because Debtor was exhibiting flu-like symptoms. [Doc. 22].

The Show Cause Order states further:

> This case has been pending for just shy of 6 months and a section 341 meeting of creditors has not been held. Nor, does it appear that debtor is making payments under his proposed chapter 13 Plan. [Doc. 48]. Debtor has filed 4 motions for continuance and when those have been denied or scheduled for hearing Debtor has sought reconsideration of the orders and most recently appealed [the June 9 Order]. Based upon the foregoing history of the [Main Case], in which Debtor seeks to prevent the case from moving forward until appeals in the Chapter 7 AP are adjudicated and possibly until the Chapter 7 AP is fully adjudicated, it appears that in addition to potential grounds under § 1307 that Debtor may have filed the [Main Case] for an improper purpose. *See In re Brown*, No. 17-10021, 2017 Bankr. LEXIS

7

> 2322 at *21 (Bankr. N.D. Fla. April 19, 2017) (stating, "Numerous cases have held that 'filing a bankruptcy petition merely to prevent foreclosure without the ability or intent of reorganizing is an abuse of the Bankruptcy Code.'") (citations omitted).

[Show Cause Order at 4]. The Show Cause Order scheduled a hearing for July 1, 2020, for the Debtor to show cause why the Main Case should not be dismissed, which was then continued to July 8, 2020. [Doc. 63]. On July 10, 2020, the Court entered its *Order and Notice of Continued Show Cause Hearing* (the "Continued Show Cause Order"). [Doc. 69]. The Continued Show Cause Order notes the appearance of Plaintiff at the July 8 hearing and the information provided to Plaintiff by the Court. The Continued Show Cause Order further states in pertinent part at footnote 1:

> The Court notes that at the initially scheduled 341 hearing on March 12, 2020 Debtor appeared and exhibited flu-like systems such that the hearing was continued. The Court further notes that the docket entry dated March 12, 2020 reflects that the meeting was not held because of "debtor's failure to appear". Debtor has filed an adversary proceeding against the Standing Chapter 13 Trustee in relation to this discrepancy. The Court need not address Debtor's dispute regarding the docket entry to assess whether this case is being properly prosecuted.

[Main Case Doc. 69].

The final order entered in the Main Case was the order dismissing the Main Case ("Dismissal Order"). [Main Case Doc. 97]. The Dismissal Order states, after reciting the Chapter 13 Trustee's report to the Court and her continuing request for dismissal of the case that,

> [I]t had seen the affidavit recently filed by Debtor stating that he is working with a realtor to sell his house and noting that he recently paid $100.00 to the Trustee. However, when considered in conjunction with the many motions to continue, motions to reconsider and appeals, the lack of prosecution coupled with the apparent term and feasibility problems with the Plan, Debtor's working with a realtor did not present a sufficient basis to deny the Trustee's motion to dismiss, which was joined by Nationstar.
>
> . . . Debtor's delay tactics have prejudiced Nationstar, who despite Debtor's allegations that it is not a creditor of the bankruptcy estate, asserts a secured claim and is entitled to the opportunity to establish that claim. . . . [T]he ongoing delay has prejudiced the domestic support creditors, who are not being paid.

8

[Main Case Doc. 97 at 3-5].

## V.	ANALYSIS

Plaintiff claims that Governmental Defendants failed to adhere to "procedural guidelines adopted by the Executive Office of the United States Trustees" [Doc. 1 at 8] and that they "violated [Plaintiff's] Fifth Amendment Rights, . . . Fourteenth Amendment Rights and . . . Ninth Amendment Rights when Defendants fundamentally denied [him] a fair, orderly and just judicial proceeding in [the Main Case] by knowingly and willfully lying to the Court in the [Docket Entry]." [*Id.*] Plaintiff also raises claims based on Governmental Defendants' concealment of the alleged misrepresentation to the Court in filing the Docket Entry.

In his response to the Motion, Plaintiff argues that "11 U.S.C. § 106(a) expressly provides for a waiver of sovereign immunity by governmental units with respect to monetary recoveries as well as declaratory and injunctive relief for Bankruptcy Code 11 U.S. Code § 105 among other sections of Bankruptcy Code." [Doc. 27 at 5].

Plaintiff alleges that the Governmental Defendants "filed" the Docket Entry. [Doc. 1 at ¶ 18.] He argues that they "knowingly and willfully" lied to, or concealed a lie from, the Court. [*See id.* at ¶¶ 23-28, 32-43.] The Court, then, "used" the United States' alleged lie or concealment as a basis to twice deny Plaintiff's motions to continue his section 341 meeting of creditors. [*See id.* at ¶¶ 19-20, Exs. 4, 5.] The Docket Entry was also, he argues, a basis for the Chapter 13 Trustee's objection to confirmation and resulting dismissal of the Main Case. [*See id.* at ¶ 21, Ex. 6.]

Plaintiff's central allegation is that Governmental Defendants "knowingly and willfully" lied to the Court. This claim sounds in the common law torts of fraud or intentional misrepresentation. Second, Plaintiff alleges a violation of 28 U.S.C. § 586. Third, Plaintiff alleges violations of his rights under the 5th, 9th, and 14th Amendments of the U.S. Constitution. Plaintiff

9

seeks $5 million in damages and the removal of United States Trustee Gargula from the Main Case as well as the Court to "set all actions performed by th[is] trustee[] . . . to be null and void."

### A. Subject Matter Jurisdiction

The Court must, in all cases, consider whether it has subject matter jurisdiction. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006). Here, the Governmental Defendants have asserted sovereign immunity. "Sovereign immunity is jurisdictional in nature." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction")). The Supreme Court has held that, even where the merits would be resolved in favor of the same party, the proper judicial analysis is to resolve the case on subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 118 S.Ct. 1003 (1998). This is true even where the merits questions are easier than the jurisdictional ones. *See id.* at 93, 118 S. Ct. at 1012. "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). When sovereign immunity is the basis for the challenge to subject matter jurisdiction "the plaintiff must demonstrate an unequivocally expressed waiver of sovereign immunity." *Stark v. United States*, 726 F. App'x 767, 768 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 843 (2019), *reh'g denied*, 139 S. Ct. 1287 (2019) (citing *King v. United States*, 878 F.3d 1265, 1267 (11th Cir. 2018)). In other words, the waiver may not be implied. *King*, 878 F.3d at 1267 (citing, among others, *Franconia Assocs. v. United States*, 536 U.S. 129, 141, 122 S.Ct. 1993, 2001 (2002)). Any ambiguity must be resolved in the government's favor. *See United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992); *Dep't of the Army v. Blue Fox*, 525 U.S. 255 (1999). "Absent a waiver,

10

sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994) (internal citations omitted).

"Sovereign immunity applies with equal force to suits brought against government employees in their official capacity." *Walton v. Watts (In re Swift)*, 185 B.R. 963, 969 n.4 (Bankr. N.D. Ga. 1995) (Drake, J.). And "sovereign immunity will act to insulate members of the trustee system from official capacity liability." *Id.*

### B. Section 106 Waiver

Plaintiff raises the limited waiver contained in 11 U.S.C. § 106 in support of this Court's jurisdiction. Section 106 operates as a limited waiver of sovereign immunity under three circumstances. First, § 106(a)(1) waives "claims that arise under the Bankruptcy Code;" second, § 106(b) waives "claims that are in the nature of compulsory counterclaims when the [governmental unit] has filed a proof of claim;" and, third, § 106(c) waives "claims that are in the nature of permissive counterclaims, which may be used only as an offset to the amounts claimed under the proof of claim." *Szanto v. IRS (In re Szanto)*, 574 B.R. 862, 868 (Bankr. D. Or. 2017). Sections 106(b) and (c) are inapplicable as Plaintiff does not allege that the United States filed a claim or that his claims are compulsory or permissive counterclaims. That leaves only one potential basis for jurisdiction in this matter – § 106(a).

Section 106(a) operates to waive the United States' immunity as to claims arising under the specific provisions of the Bankruptcy Code enumerated therein and to the extent provided in § 106. *See* 11 U.S.C. § 106(a)(1)[3]. There are numerous sections of the Bankruptcy Code contained therein, however, § 106 does not "create any substantive claim for relief or cause of action not

---

[3] 11 U.S.C. §106(a)(1) states: "Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following: (1) Sections 105, 106 . . . .of this title."

11

otherwise existing under [Title 11], the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law." 11 U.S.C. § 106(a)(5).

Section 106(a)(1) includes § 105. Plaintiff asserts § 105 twice in the Complaint, alleging that it gives this Court power to "order for the permanent removal" of his Chapter 13 Trustee and United States Trustee, to "set all actions performed by these trustees in [the Main Case] to be null and void and for the Court to demand for a new United State[s] Trustee." [Doc. 1 at 10 ¶ 29 and 12 ¶ 44]. Notably, he does not allege that § 105 gives this Court the power to award the $5 million in damages he seeks, nor would it. To the extent Plaintiff raises § 105(a) in support of his request for $5 million in damages, Governmental Defendants have not waived sovereign immunity for this. *See* 11 U.S.C. § 106(a)(3) (excluding from waiver "an award of punitive damages."); *Jove Eng'g, Inc. v. IRS (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1542-43 (11th Cir. 1996) ("In this case, monetary sanctions are limited to actual expenses, such as attorney fees, because Jove's claim for coercive sanctions appear more punitive in nature and Congress expressly declined to waive sovereign immunity for punitive damages."). Nowhere in the Complaint does Plaintiff allege that he has incurred actual damages, thus the damage request must be in the nature of a request for a punitive award to punish the alleged dishonesty of Governmental Defendants and as such is outside this Court's jurisdiction.

"[W]hile the bankruptcy court has statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, 11 U.S.C. § 105(a), that authority is not unfettered." *In re Nilhan Developers, LLC*, No. 15-58443-WLH, 2020 WL 4591662, at *8 (Bankr. N.D. Ga. Aug. 7, 2020) (Hagenau, J.). That authority does "not include the ability to award equitable relief where the party asserting the cause of action for such relief does not have standing under any other section of the Code." *Mixon v. Anderson (In re*

12

*Ozark Rest. Equip. Co., Inc.)*, 816 F.2d 1222, 1230 (8th Cir. 1987), cited with approval in *E.F. Hutton & Co. v. Hadley*, 901 F.2d 979, 985 (11th Cir. 1990); *see also Law v. Siegel*, 571 U.S. 415, 421 (2014) ("We have long held that whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.") (internal quotations omitted). *see also Jove*, 92 F.3d at 1554 (noting that § 105(a) is limited to orders that are "'necessary or appropriate to carry out the provisions of' the Bankruptcy Code.").

> 'Whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.' Absent specific statutory authority, a bankruptcy court may not apply its general equitable powers to disregard or contravene the Code's unambiguous provisions. The Bankruptcy Court's equitable powers under Section 105(a) do not override specific Bankruptcy Code provisions; they supplement those provisions and fill in gaps and ambiguities.

*In re Nilhan Developers* at *13 (citations omitted).

Section 324 of the Bankruptcy Code provides for removal of a trustee or examiner. Notably, it expressly excludes removal of a United States Trustee from its provisions. *See* 11 U.S.C. § 324(a). Although this Court may arguably have the power to disqualify a specific attorney for the United States Trustee (a remedy that has not been requested by Plaintiff), separation of powers concerns render this Court powerless to remove Trustee Gargula—this power is vested in Defendant Clifford White.

Thus, Plaintiff's reliance on § 105 is unavailing in this proceeding. *Law v. Siegel*, 571 U.S. 415, 420, 134 S. Ct. 1188, 1194 (2014) (§ 105(a) cannot be used to take action prohibited by the Bankruptcy Code). Further, 28 U.S.C. § 586 does not include a waiver of sovereign immunity. It is a constitutive statute but does not discuss the United States Trustee's capacity to sue or be sued. *Compare* 28 U.S.C. § 586 (describing, generally, duties of United States Trustees) *with* 15 U.S.C. § 634(b)(1) (authorizing the U.S. Small Business Administration to "sue and be sued…") and 20 U.S.C. § 1082(a)(2) (authorizing the U.S. Department of Education to "sue and be sued…").

13

Congress's failure to include such capacity makes it apparent that sovereign immunity of the United States Trustee in her official capacity is not waived by 28 U.S.C. § 586.

### C. Tort Claims

As previously noted, to the extent Plaintiff's damage claims are for punitive damages to punish the Governmental Defendants this Court is without jurisdiction to consider such claims. *Supra.* 11-12. Further, § 106 does not include a waiver for common law tort claims. *FSQ, Inc. v. Integrated Health Servs. (In re Integrated Health Servs.),* 303 B.R. 577, 582 (Bankr. D. Del. 2003) (noting that § 106 does not create a cause of action and that tort claims founded on common law and not the Bankruptcy Code are not included in the limited waiver of § 106). Moreover, even if the limited waiver applied to Plaintiff's claims of intentional misrepresentation, a tort claim against the United States is subject to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et. seq.* ("FTCA") and 28 U.S.C. § 2680(h) excepts from the waiver contained therein for "[a]ny claim arising out of . . . misrepresentation, deceit, . . . ." 28 U.S.C. § 2680(h)  Because neither § 106 nor the FTCA provide a waiver of sovereign immunity, the United States has not waived its immunity to Plaintiff's common law tort claim.

### D. Constitutional Claims

Similarly, to the extent Plaintiff's damage claim is for a constitutional tort claim, the FTCA analysis above is also applicable. *F.D.I.C. v. Meyer*, 510 U.S. at 478, 114 S. Ct. at 1002 ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."). Further, with respect to this Court's jurisdiction to consider Plaintiff's Constitutional claims, Plaintiff has not alleged facts to establish a case or controversy, that is Article III standing. To do so, at the motion to dismiss stage Plaintiff must allege sufficient facts to show three elements:

14

> First, the plaintiff must have suffered an 'injury in fact'…which is (a) concrete and particularized…and (b) 'actual or imminent, not 'conjectural' or 'hypothetical,''…Second, there must be a causal connection between the injury and the conduct complained of…Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff "bears the burden of establishing these elements." *Id.* Plaintiff has failed to meet even the first element—the injury. The Constitutional claims alleged sound in the 5th, 14th and 9th Amendments. The 14th Amendment applies to State (as opposed to federal) activity. The application of the Bankruptcy Code is strictly a federal matter, and no State activity is implicated, such that the 14th Amendment due process clause does not apply.

The 9th Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." "The Eleventh Circuit has not addressed this issue, but in *Strandberg v. City of Helena*, the Ninth Circuit held that the 9th Amendment 'has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim.'" *Bey v. City of Tampa Code Enforcement*, 2014 U.S. Dist. LEXIS 134141, *1028 n.6 (N.D. Fla. 2014) (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986)), *remanded on other grounds,* 607 Fed. Appx. 892, 897 (11th Cir. 2015). Plaintiff has failed to allege what right, exactly, arises from the 9th Amendment and was violated by Governmental Defendants.

Only the 5th Amendment remains. The injury alleged is "deni[al of] a fair, orderly and just judicial proceeding" in the Main Case by the Docket Entry. The record in the Main Case reflects otherwise as shown by the orders incorporated into the complaint and subject to this Court's judicial notice. Plaintiff was given several opportunities to prosecute the Main Case and did not avail himself of the opportunities. Plaintiff argues that the Court denied his motion for a

15

continuance of the meeting of creditors on May 15, 2020 in reliance on the Docket Entry. [Doc. 1 at 8 ¶ 19]. He also argues that the Court refused to reconsider its denial of his objection to the Court's hearing notice in the June 9 Order in reliance on the Docket Entry. [Doc. 1 at 8 ¶ 20].

In contrast to Plaintiff's argument, the Court did not rely on the Docket Entry but stated in the May 15 Order that "the request to await ruling by the Eleventh Circuit to hold the 341 because of a dispute with one creditor is prejudicial to all creditors and interested parties in this case and will be denied." [Main Case Doc. 37]. Similarly, in the June 9 Order, although the Court noted the Docket Entry in the procedural history of the Main Case the initially scheduled 341 meeting did not constitute a basis for the Court's reasoning or conclusion. Rather, the accumulation of delays in the case contributed to the Court's decision that it needed to hear from the parties "to assess how best to move forward." [Main Case Doc. 53].

In the order dismissing the Main Case on September 8, 2020, the Court reiterated arguments made by counsel for the Chapter 13 Trustee in support of her request to dismiss the case:

> Ms. Gordon advised the Court that the case has not been funded and in the life of the case, only one payment of $100 was made just a few days before the September 2, 2020, hearing. Ms. Gordon stated that even if Nationstar's claim were disallowed, the Plan had an obvious term problem in that it would not pay out the domestic support obligations in sixty months. She stated that this was the fourth or fifth confirmation hearing and noted that there had been no § 341 meeting, reiterating her request for dismissal of the case under several subsections of the Code, including § 1307(a)(11).

[Main Case Doc. 97]. The Court held that "when considered in conjunction with the many motions to continue, motions to reconsider and appeals, the lack of prosecution coupled with the apparent term and feasibility problems with the Plan, Debtor's working with a realtor did not present a sufficient basis to deny the Trustee's motion to dismiss, which was joined by Nationstar [Mortgage, LLC]" and that "Debtor's delay tactics have prejudiced Nationstar, who, despite

16

Debtor's allegations that it is not a creditor of the bankruptcy estate, asserts a secured claim and is entitled to the opportunity to establish that claim. The Court also held that the ongoing delay has prejudiced the domestic support creditors, who are not being paid." [*Id.*] The Main Case was dismissed, therefore, for many defects including the lack of 341 meeting unrelated to the reason for the continuance of the initially scheduled meeting. Indeed, as noted in the Continued Show Cause Order the discrepancy between the Docket Entry and Plaintiff's allegations in a Motion to Continue was not relevant to the Court's determination of grounds for dismissal. This is true because any one of the remaining defects—a term problem, insufficient funding[4], and bad faith filing—would have itself been sufficient to dismiss the case even if the 341 meeting had been held. As a result the Court concludes that there has been no injury in fact alleged to establish standing and Plaintiff has failed to allege sufficient facts to allow a reasonable inference that he was the subject of an injury in fact. As a result, this Court is without jurisdiction to consider Plaintiff's Constitutional claims.

In conclusion, the Court lacks jurisdiction to consider the merits of Plaintiff's claim for damages, for removal of the United States Trustee, and for Constitutional claims. Accordingly, it is now hereby

ORDERED that the Motion is GRANTED and the Complaint as to the Governmental Defendants is hereby DISMISSED.

**END OF ORDER**

---

[4] Plaintiff argued that he was not delinquent in plan payments. [Doc. 79 at 3]. The proposed plan payment is illegible so it was unclear whether the proposed payment was $10 per month or $100 per month. [Main Case Doc. 20]. Plaintiff made one $100 payment to the Trustee, on or about August 14, 2020, so at any point prior thereto Plaintiff was delinquent in plan payments regardless of the monthly amount proposed. [Main Case Doc.79 at 59].

17

**Distribution List**

Peter Otoh
6645 Princeton Park Ct
Lithonia, GA 30058

Andres H. Sandoval
United States Attorney's Office
Suite 600
75 Ted Turner Drive SW
Atlanta, GA 30303

Sonya M. Buckley
Office of Mary Ida Townson
Suite 1600
285 Peachtree Center Ave, NE
Atlanta, GA 30303